GALO OQUENDO, Petitioner, *v.* THE REGISTRAR OF
PROPERTY OF UTUADO, Respondent.

No. 1313.   Submitted March 1, 1955.—Decided March 29, 1955.

*Isaías M. Crespo* for petitioner.   The Registrar appeared by
brief.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the
Court.

The Arecibo Part of the Superior Court entered a dominion title order requested by petitioner for a property of 48.08

---

cuerdas of land. The order in question was presented in the Registry of Property of Utuado for recordation. The registrar objected and thereupon the petitioner obtained a complementary order from the same court. Both orders having been presented in the registry, the registrar refused to record on the following note:

"Record of the preceding document is denied after examining a complementary document, in view of the nonappearance of the owner or owners of the remainder of the property of 49 cuerdas, and of the failure to show partition of the community of property or adjudication of the parcel of 38.08 cuerdas of the property in question; and since the petitioner owns only undivided shares of the 49-cuerda property, and it being impossible to consolidate undivided shares in one property with another held in fee simple, under § § 390 of the Law and 61 of the Regulations, the record of the declarative title is denied and instead a cautionary notice is entered for 120 days in favor of Galo Oquendo . . . "

Petitioner prays that we set aside the preceding decision on the ground that the registrar exceeded his powers, in the light of the doctrine announced in *Wilcox* v. *Registrar*, 67 P.R.R. 445, and *Rosado* v. *Registrar*, 71 P.R.R. 516.

According to the orders presented in the registry, the property of 48.08 cuerdas was formed by consolidation of two other properties. One of them consisted of 10 cuerdas and belonged to Anastacia Rivera, from whom the moving party acquired it. The other consisted of 38.08 cuerdas and was part of a property having a larger area. This property of a larger area consisted of 49 cuerdas and belonged to Antonia Negrón widow of Rivera, who acquired it by purchase in 1920. The widow sold several condominia of the 49-cuerda property to some of her children, which condominia were thereafter acquired by petitioner by purchase from their owners (the children of Antonia Negrón widow of Rivera) and from some of the heirs. The sum of these condominia makes up the 38.08-cuerda property in

question.[1] The Complementary Order in question discloses that the moving party did not acquire condominia equivalent to 38.08 cuerdas, but merely a condominium equal to six-ninths of the property in question, [2] another condominium of two-ninths, and another of five-eighths of one-ninth part. It does not therefore appear that the petitioner acquired the other condominium of three-eighths of such one-ninth part.

It is evident that petitioner is co-owner of the original property of 49 cuerdas, and that the sum of his condominia equals 38.08 cuerdas, less three-eighths of one-ninth part. As such co-owner, he has the absolute ownership of his part and of the fruits and profits belonging thereto (§ 333 of the Civil Code, 1930 ed.), but his share in the entire property is abstract, undetermined. Until a division is made and the specific portions allotted, he is not the owner in fee simple of such portions, *Martínez* v. *Mora*, 33 P.R.R. 144, but merely of an abstract share in the property, *Enríquez* v. *Registrar*, 65 P.R.R. 383, 384. Therefore, petitioner had no right to obtain in the proceeding a declaration in his favor of dominion title to a specific parcel of the 49-cuerda property. In that case, the division of the thing held in common and the adjudication to him of the parcel in question, whose dominion title he seeks to record, was a condition precedent. It is obvious that the dominion title proceeding is not the

---

[1] The Complementary Order recites the history of the formation of the 38.08-cuerda property as follows:

"Whereas, the afore-mentioned 38.08-cuerda parcel is the sum of several condominia which the moving party acquired as part of the 49-cuerda property as follows: One condominium of six-ninth parts of such property by deed executed on February 11, 1943, before Notary Rafael Atiles Moréu, by purchase from the brother and sisters Fulgencio, Anastacia, María, and Juana Rivera; one condominium of two-ninth parts of such property by purchase from the sisters Rosalina and Natalia Rivera and the sisters Ramona and Angélica Rivera, by deed executed on February 11, 1943, before Notary Rafael Atiles Moréu; and another condominium of five-eighths of one-ninth part of such property, by deed executed on January 21, 1943, by purchase from the brothers and sister Elías, José, Antonio, Angélica, and Israel Rivera Rivera."

[2] We refer to the 38.08-cuerda property.

proper proceeding at law to seek the division of the thing held in common.

██ We have repeatedly stated that registrars must accept as correct and sufficient the final judgments of courts, if such courts have jurisdiction and the procedure followed is the one prescribed by law. *Heirs of Estrella* v. *Registrar*, 41 P.R.R. 751; *Fortis* v. *Registrar*, 43 P.R.R. 89; *Mattei* v. *Registrar*, 53 P.R.R. 433; *Correa* v. *Registrar*, 67 P.R.R. 706; *Báez* v. *Registrar*, 74 P.R.R. 760; *Nido & Cía., S. en C.* v. *Registrar*, 74 P.R.R. 737. The orders entered in the dominion title proceeding in the instant case would operate as a judgment terminating the common ownership, ordering the division of the thing held in common, and adjudicating to petitioner a specific portion of it. However, the other co-owners of the remaining interests in the divided property did not have their day in court. They were not summoned nor brought to court in the manner provided by law, and, therefore, the court did not acquire jurisdiction over them.

The *Wilcox* case, *supra*, invoked by appellant, is distinguishable. There the registrar attempted to substitute his judgment on the facts for that of the district court, and then predicate his argument as to what procedure should be followed on the facts as he found them rather than as adjudicated by the district court. In the instant case, there is no such substitution of judgment on the facts. Nor is the *Rosado* case, *supra*, favorable to his contention. There the petitioner filed an ordinary action in a competent court seeking execution of a deed which was not executed as a step or prerequisite to the partition of the common property, *after both co-owners had agreed* on the division and adjudication of the corresponding shares. In the instant case, the court declared as proved petitioner's dominion title to the 38.08-cuerda property (this property and another of 10 cuerdas were consolidated, forming the main property, the record of which was denied), without

the division of the principal property from which it was segregated having been first established.

In view of the foregoing, we conclude that the registrar did not exceed his powers in passing upon the aforesaid judicial orders, wherefore the note appealed from will be affirmed.